## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

PAYNE EXPLORATION CO.,

     Plaintiff,

v.

TRIDENT STEEL CORP.;
COMMERCIAL METALS CO.;
and A-JU BESTEEL CO., LTD.,

     Defendants.

Case No. CIV-15-818-D

## PLAINTIFF'S RESPONSE TO DEFENDANT
## TRIDENT STEEL CORP.'S MOTION TO DISMISS
## AND BRIEF IN SUPPORT

Defendant Trident Steel Corp. ("Trident") asserts the allegations in the Complaint do not support a legally cognizable claim by Payne Exploration Co. ("Payne") for negligence or constructive fraud. Trident does not challenge the sufficiency of the allegations in the Complaint in respect to Payne's claims for products liability, breach of express warranty, breach of implied warranty and/or breach of contract.

A party may set out two or more statements of a claim alternatively or hypothetically, either in a single count or in separate ones. FED.R.CIV.P. 8(d)(2). If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient. *Id. See Smedsrud v. Powell*, 61 P.3d 891, 897 n. 32 (Okla. 2002) (the pleader of a claim may invoke and advance all alternative theories in a single trial; no plaintiff may be compelled to make a choice among multiple theories in prosecuting a single claim).

Trident claims that, since Payne has alleged, *inter alia,* claims premised upon contract, Payne cannot alternatively plead negligence claims arising from the same facts and circumstances.  Trident's motion should be denied because: (a) Payne's negligence claim is an alternative and independent claim to Payne's breach of contract claim; and, (b) should Trident prevail on the breach of contract claim, Trident may remain liable to Payne for Trident's independent negligence arising from its breach of its implied obligation under Oklahoma law to deliver non-defective goods.  Similarly, if a jury should find that Trident made representations as to the quality of the tubulars to be furnished to Payne (regardless of whether a contract existed), and such representations were inaccurate, a claim for constructive fraud exists under Oklahoma law.

## BACKGROUND

This case arises out of a downhole failure of oil and gas well casing (the "Casing") that Payne purchased from Trident.  The pipe was manufactured by A-Ju Besteel, and imported by Commercial Metals Co. ("CMC").  Throughout the sale and distribution of the Casing to Payne, Trident represented and warranted the Casing was American Petroleum Institute ("API") rated P-110 and HCP-110 casing.  API rated P-110, or better, pipe is designed to withstand the maximum burst and collapse pressures that Payne would cause or encounter during the multi-stage frac operation for its horizontal well. The casing acquired from Trident failed, causing Payne significant economic injury.

At this early stage, Payne does not know: whether Trident had actual or constructive knowledge that the Casing was defective; whether Trident was negligent in distributing the Casing without proper and documented inspection or testing; and/or whether Trident's

representations as to API rating were made without Trident investigating or exercising due care to determine whether the Casing was part of a manufactured Lot with known issues as to defective pipe, whether it was manufactured from an unreliable manufacturer, and/or whether the pipe was altered or damaged during transport and/or during testing or the fitting of threads and collars.  Accordingly, Payne asserts alternative theories of recovery against Trident, sounding in both tort and contract, as well as products liability.

Trident's motion is contrary to Oklahoma and federal law.  Oklahoma and federal law permit a Plaintiff latitude in pleading multiple theories and claims, even if arising from the same transaction.  On a motion to dismiss, the Court accepts well-pleaded factual allegations in the complaint as true, resolves all reasonable inferences in the plaintiff's favor, and then asks whether it is plausible that the plaintiff is entitled to relief.  *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013).  Since Payne has sufficiently plead facts supporting its claims for independent negligence and constructive fraud by Trident, Trident's motion to dismiss said claims should be denied.

## ARGUMENT AND AUTHORITIES

## I. NEGLIGENCE

### A. Payne Has Sufficiently Plead a Claim Arising from Trident's Negligence, Independent of the Existence of A Contract Between Trident and Payne.

Initially, it is noted that there is not a specific <u>written</u> contract between Payne and Trident for the purchase and sale of the Casing.  In its Motion, Trident is careful to avoid the admission of any contractual relationship, referring to same as Payne's "claimed contractual relationship".  Motion, p. 4.  Nevertheless, Trident argues because a breach of

contract is asserted, same bars claims for negligence.  The authorities relied upon by Trident are not applicable to the facts of this case.

In *Davis v. PMA Cos*., Plaintiff sued for *inter alia,* tortious breach of a stock purchase contract.  No independent tort existed apart from the alleged breach of contract.  Judge Cauthron refused to expand the limitations imposed by Oklahoma courts on tortious breach of contract claims.  Here, Payne has not sued for tortious breach of contract.  Rather, Payne has asserted an independent claim of negligence against Trident.

In *New Cingular Wireless, PCS, LLC v. Boone*, Boone,  a former officer of Dobson Communications,  was sued for over payments to Boone from Cingular's buyout of Dobson.   Boone counterclaimed alleging Cingular's negligence in making the overpayment.  The Court found there was not a recognized "duty" to not overpay, dismissing the negligence claim.  Boone is inapplicable to the instant case since there is unquestionably a common law duty to deliver non-defective goods in commerce.  If Trident breached this duty, a claim for negligence exists.

In *Chieftain Royalty Co. v. Dominion Oklahoma Texas  E & P, Inc.,*, Plaintiff lessors sued their lessee claiming tortious breach of an oil and gas lease as a result of the lessee's alleged breach of the implied duty to deal fairly and in good faith.  Judge Cauthron correctly dismissed the claim since tortious breach of contract is limited by Oklahoma law to contracts of adhesion or where a special relationship exists, neither of which were present under the oil and gas leases at issue.  Again, Payne has not sued for tortious breach of contract.   Chieftain is not applicable.   .Contrary to Trident's assertions, independent negligence claims may be brought contemporaneously with products liability claims.  *See*

*Braswell v. Cincinnati, Inc.*, 731 F.3d 1081, 1093 n. 4 (10th Cir. 2013) ("Oklahoma has not eliminated a freestanding negligence claim for defective products . . ."); *Honeywell v. GADA Builders, Inc.*, 271 P.3d 88, 96 (Okla. Civ. App. 2011) ("Even with the advent of strict products liability, the negligence cause of action remains available to a plaintiff injured by a defective product.").

Here, while there is a breach of contract claim asserted in this case, Payne's negligence claim arises independently out of Trident's breach of the duty to deliver non-defective goods.  So regardless of whether Trident made representations as part of an express or implied contract to deliver API rated pipe, Oklahoma law holds negligence remains a viable claim.

Payne's negligence claim is well plead.  Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) the effective pleading standard is whether the claim asserted is plausible, i.e., whether it sets forth enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim.  *Id.* at 557.  Even if the trier of fact believes a recovery is very remote and unlikely, if the complaint is well-pleaded as such, the case should proceed.  *Id.* at 556.

Trident claims Payne failed to assert any "representations" which occurred outside the claimed contractual relationship.  This is an inaccurate characterization of the assertions in the Complaint.  Certainly, there were express representations associated with the negotiations and ordering of the pipe.  There were also API representations made on the invoice submitted by Trident to Payne for the sale of the Casing, after the pipe was delivered and the contract performed. [Compl. ¶¶ 14-15].

More importantly, as plead, Trident assumed a duty, implied at law, to enter into the stream of commerce, pipe that conformed to those representations and pipe that was non--defective.  Trident's breach of this duty is the basis of Payne's negligence claim.  There is a reasonable expectation that discovery will reveal specific reasons why Trident breached that duty – either failure to investigate the quality of pipe from A-Ju Besteel, the manufacturer, failure to inspect and test the pipe, or perhaps failure to properly machine threads and collars onto the tubulars, but assertion of such reasons in the framework of the Complaint are not required.  *Twombly*, *supra*.

## II.     CONSTRUCTIVE FRAUD

Constructive fraud is a breach of either a legal or equitable duty that does not necessarily involve any moral guilt, intent to deceive, or actual dishonesty of purpose. *Faulkenberry v. Kansas City Southern Ry. Co.*, 602 P.2d 203, 206 (Okla. 1979).  Liability may be based on negligent or even innocent misrepresentation.  *Id.* (citing *U.S. Fibres, Inc. v. Proctor & Schwartz, Inc.*, 358 F.Supp. 449 (6th Cir. 1975) (constructive fraud between corporate parties)).   Constructive fraud has the very same legal consequence as actual fraud, and may be invoked to prevent harm or to extend protection to recognized public interests.  *Patel v. OMH Medical Center, Inc.*, 987 P.2d 1185, 1199 (Okla. 1999).

### A.     Payne met the heightened pleading standard for fraud claims.

Trident asserts a FED.R.CIV.P. 9(b) defense that Payne did not set forth the heightened pleading standard of "who, what, when, where, and how," nor did it set forth the time, place, and contents of the false representation; the identity of the party making

the false statements; and the consequences thereof, as is required for fraud claims.  [Mot.

5].  As shown below, Payne did meet the heightened pleading standard:

The "who," i.e., the identity of the party making the false statements, is Trident

through its agents.  [Compl. *passim*].

The "what" is Trident's negligent or innocent misrepresentation of the quality and

fitness of the Casing, where Payne had a right to be correctly informed of facts regarding

the Casing.  [*Id.* ¶¶ 14-15; 54-55].

The "when," i.e., the time, is throughout the parties' transaction, which ranged from

the contract date of on or about October 30, 2012, to delivery on or about July 5, 2013, to

the date of the invoice.  [*Id.* ¶¶ 11, 14, 16].

The "where," i.e., the place, is the Beecher 1-15H Well.  [*Id. passim*].

The "how" is Trident inducing Payne to purchase the Casing by negligent or

innocent misrepresentation of high API-grade casing, i.e., the content of the false

statements.  [*Id.* ¶ 56].

The consequences of the misrepresentation are that Payne relied on the negligent or

innocent misrepresentation of the Casing's quality in purchasing the Casing from Trident,

and the Casing failed, causing financial injury.  [*Id.* ¶¶ 24-26, 56].

**B.     Trident's Defective Performance – Delivery of Bad Pipe, Gives Rise to Tort.**

Trident cites the Oklahoma case *Smith v. Johnson*, 591 P.2d 1260, 1262 (Okla.

1978) as stating, "[T]he remedy of a finished product not conforming to the contract is non-

performance and not one based on fraud."  Immediately following that quote, however, the

Court cited Prosser, Law of Torts (4th ed., 1971), § 92, upon which the Court ultimately relies to affirm a judgment in tort arising from the installation of defective electrical wiring. Homeowner had sued the home builder asserting both contract and tort theories of recovery.  At trial, the Plaintiff elected to proceed under tort and the jury awarded actual and punitive damages.  As noted by the Court in *Smith*:

> Prosser acknowledges the relation between remedies in contract and tort as a confused field.  He speaks of the early developed dividing line of "nonfeasance," which meant not doing the thing at all, and "misfeasance," which meant doing it improperly.  He says that division is scorned but generally followed, for it draws a valid line between the complete non-performance of a promise, which in the ordinary case is a breach of contract only, <u>and a defective performance, which may also be a matter of tort</u>.

*Smith*, 591 P.2d at 1262-63 (emphasis added).  The present case is not an issue of nonfeasance; rather, it is an issue of defective performance, which may also be a matter of tort under Oklahoma law.

*First Security Bank v. Taylor*, 964 F.2d 1053 (10th Cir. 1992), merely quotes *Smith* and is inapplicable to the present case.  In *Taylor*, the issue was the breach of an oral contract to loan additional monies outside a guaranteed loan by the bank.  *Id.* at 1055.  It did not have to do with representations of the quality of goods delivered under a contract.

### C.    Payne's claim for constructive fraud is otherwise adequate.

Trident also asserts that Payne's constructive fraud claim is merely based on Trident's failure to provide non-conforming goods.  While it is in part based on this failure, the main motivation behind the constructive fraud claim is to hold Trident responsible for its negligent or innocent misrepresentation under Oklahoma law.  Whether the misrepresentation was negligent or innocent will be determined as the case progresses.

8

Trident states in its Motion, "Instead, Payne generically states Trident made 'representations' which it now claims were, in fact, misrepresentations." [Mot. 6]. Payne's allegations are not generic: Trident represented a certain quality of casing in communications with Payne, as well as on the invoices.  [Compl. ¶¶ 14-15].  When the Casing proved defective, the inescapable conclusion is that the representation made by Trident was wrong.  Whether negligently or innocently made is immaterial under a claim for constructive fraud. As *Twombly* instructs, *supra*, the standard on a motion to dismiss is plausibility.  Given the facts plead, it is almost a certainty that discovery will reveal evidence of constructive fraud on the part of Trident.

## CONCLUSION

WHEREFORE, Plaintiff Payne Exploration Co. requests the Court to deny the Motion to Dismiss of Defendant Trident Steel Corp.

Dated this 21st day of September, 2015

/s L. Vance Brown
L. Vance Brown, OBA No. 10743
Eric L. Huddleston, OBA No. 21225
Elisabeth D. Brown, OBA No. 30503
ELIAS, BOOKS, BROWN & NELSON, P.C.
Two Leadership Square
211 North Robinson, Suite 1300
Oklahoma City, Oklahoma 73102
Telephone:   (405) 232-3722
Facsimile:   (405) 232-3746
vbrown@eliasbooks.com
ebrown@eliasbooks.com
ehuddleston@eliasbooks.com

**ATTORNEYS FOR PLAINTIFF**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on the 21st day of September, 2015, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Theresa N. Hill, Esq.
Denelda L. Richardson, Esq.
RHODES HIERONYMUS JONES TUCKER & GABLE
P.O. Box 21100
Tulsa, OK 74121-1100
thill@rhodesokla.com
drichardson@rhodesokla.com

**ATTORNEYS FOR DEFENDANT**
**TRIDENT STEEL CORP.**

Gary C. Crapster, Esq.
STEIDLEY & NEAL, P.L.L.C.
2448 E. 81st St., 53rd Floor
Tulsa, OK 74137
gcc@steidley-neal.com

Keith C. Cramer, Esq.
Chris S. Norcross, Esq.
GORDON & REES LLP
2100 Ross Ave, Suite 2800
Dallas, TX 75201
kcramer@gordonrees.com
cnorcross@gordonrees.com

Douglas D. Fletcher, Esq.
Kevin M. Curley, Esq.
Jeffrey D. Smith, Esq.
FLETCHER FARLEY
9201 N. Central Expressway, 6th Floor
Dallas, TX 75231
doug.fletcher@fletcherfarley.com
kevin.curley@fletcherfarley.com
jeffrey.smith@fletcherfarley.com

**ATTORNEYS FOR DEFENDANT**
**CMC COMETALS STEEL, A DIVISION**
**OF COMMERCIAL METALS CO.**

/s L. Vance Brown
L. Vance Brown