IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAYNE EXPLORATION CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CIV-15-818-D |
| | ) | |
| TRIDENT STEEL CORP.; | ) | |
| COMMERCIAL METALS CO.; | ) | |
| And A-JU BESTEEL CO., LTD., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT TRIDENT STEEL CORPORATION'S
REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS AND BRIEF IN SUPPORT**

COME NOW the Defendant, Trident Steel Corporation ("Trident"), and for its

Reply to Plaintiff's Response to Defendant Trident Steel Corp.'s Motion to Dismiss and

Brief in Support [Dkt. #17], states as follows:

**I.     COUNT 4: NEGLIGENCE**

Even if the Court determines that Plaintiff's arguments are sufficient to allow, at

this stage, a claim for negligence to proceed, Plaintiff still did not sufficiently plead a

negligence claim against Trident.  The "Factual Background" allegations in Plaintiff's

Complaint against Trident all relate to the claim of breach of contract asserted by

Plaintiff.  Oklahoma law is clear that breach of contract and tort claims are separate and

distinct causes of action (even outside the line of cases previously set forth by Trident),

and both cannot be used to pursue recovery.

> Oklahoma law provides that a tort may arise in the course of the
> performance of a contract and that tort may then be the basis for recovery
> even though it is the contract that creates the relationship between the
> parties. *See Hall Jones Oil Corp. v. Claro*, 459 P.2d 858, 861 (Okla. 1969).

1

> Conduct that is merely a breach of contract is, of course, not a tort. Nevertheless, a tort may arise in the course of the performance under a contract so that a breach of the contract may not be the gravamen of the action, but an intentional wrong may be. The contract in such case is the mere incident creating the relation furnishing the occasion for the tort and giving rise to an action ex delicto . . . . [It] is well established that, where a breach of contract is permeated with tort, the injured person may elect to waive the contract and recover in tort; or, differently stated, although the relation between the parties may have been established by contract, express or implied, if the law imposes certain duties because of the existence of that relation, the contract obligation may be waived and an action in tort maintained for the violation of such imposed duties.

Id. at 861-62 (citations omitted) (emphasis supplied). *Woolard v. JLG Indus.*, 210 F.3d 1158, 1168-69 (10th Cir. Okla. 2000). Plaintiff's allegations in the Complaint focus on a breach of contract claim and fail to identify the factual allegations supporting a negligence claim. While Plaintiff may be able to plead alternative theories, it is still required to set forth allegations which, if true, support each cause of action against Trident.

Under its cause of action for negligence, Plaintiff simply recites the basic elements of a negligence cause of action, asserting those against *all Defendants* together. When a review of the "Factual Background" is done, the allegations against Trident relate to breach of contract. More is required to put Trident on notice as to the factual allegations forming the basis for Plaintiff's claim of negligence against Trident. Accordingly, Plaintiff's Count 4: Negligence should be dismissed as to Trident.

## II.     COUNT 6: CONSTRUCTIVE FRAUD

Plaintiff argues that in *Smith v. Johnson*, the court affirmed a judgment arising in tort.  However, before doing so the Court clarified that "[a]s to the fraud position, the remedy of a finished product not conforming to the contract is non-performance and not one based on fraud.  Nor was there any evidence alleged to go the jury in the present case upon which an award for damages resulting from fraud could have been based.  We find no tort action based upon fraud nor evidence of fraud upon which the jury could have allowed the actual damages determined of $432.25."  *Smith,* 1978 OK 142, ¶ 9.  Fraud was not an allowable claim.  In *Smith*, the Court determined that plaintiff had a choice of remedies and he waived his contract cause of action and proceeded in tort. Again, contract and tort remedies could not both be pursued.  The Court reviewed the facts and found that a duty existed making the tort cause of action proper under the facts of the case.

With regarding to the adequacy of Plaintiff's pleading, Plaintiff has failed to provide the specificity required for the alleged misrepresentation.  "When the alleged fraud is based on affirmative misrepresentations, those statements must be specified in detail, including the date, speaker and medium of communication."  *Radian Asset Assur., Inc. v. College of the Christian Bros. of N.M.*, 2011 U.S. Dist. LEXIS 14437 (D.N.M. Jan. 24, 2011) (unpublished), Exhibit 1.  Plaintiff has simply stated "Trident through its agents" "throughout the parties' transaction" made misrepresentations.  This does not provide the detail required by FED. R. CIV. P. 9(b).

Courts considering similar broad statements aimed at pleading fraud, has found

that generalized statements are insufficient to meet the requirement of time, place, and

contents of alleged misrepresentations.

> Although Navegante appears to have alleged facts throughout the proposed
> First Amended Complaint about who made fraudulent statements, or about
> when a fraudulent statement was made, or what the contents of the
> fraudulent statement were, Navegante fails to eventually connect all the
> dots and thus state with particularity the who, what, where and when of the
> alleged fraud. Without this necessary information, the Court must conclude
> that Navegante did not comply with Fed. R. Civ. P. 9(b), which requires a
> complaint containing allegations of fraud to "set forth the time, place and
> contents of the false representation, the identity of the party making the
> false statements and the consequences thereof."

*Butler Nat'l Serv. Corp. v. Navegante Group, Inc.*, 2010 U.S. Dist. LEXIS 113001 (D.

Kan. Oct. 22, 2010) (unpublished), Exhibit 2.

> While plaintiff has sufficiently alleged the contents of the false
> representations and consequences thereof, it has not sufficiently articulated
> the circumstances surrounding the misrepresentations. *See Plastic Pkg.*
> *Corp. v. Sun Chem. Corp.*, 136 F. Supp. 2d 1201, 1204 (D. Kan. 2001). For
> instance, plaintiff's statement that defendants made "ongoing"
> representations between 1982 and 1988 does not alert defendants to a
> sufficiently precise time frame under Rule 9(b). *See Koch v. Koch Ind.,*
> *Inc.*, 203 F.3d 1202, 1237 (10th Cir. 2000) (statement that defendants made
> misrepresentations from 1982 to present insufficient). . . . Thus plaintiff has
> failed to plead fraud with sufficient particularity under Rule 9(b) and the
> Court sustains defendants' motion to dismiss Count VII.

*Full Faith Church of Love West, Inc. v. Hoover Treated Wood Prods.*, 224 F. Supp. 2d

1285 (D. Kan. 2002).

Plaintiff's efforts to sufficiently plead its fraud claim are inadequate, and Court 6:

Fraud should be dismissed.

WHEREFORE, premises considered, Defendant Trident Steel Corporation again

requests the Court dismiss Plaintiff Payne Exploration Co.'s Complaint, Claim 4:

Negligence and Claim 6: Constructive Fraud as they relate to Trident, and for such other

and further relief that the Court deems just and equitable.

Respectfully submitted,

By      /s/ Theresa N. Hill
            THERESA N. HILL, OBA #19119
            thill@rhodesokla.com
            Denelda L. Richardson, OBA #20103
            drichardson@rhodesokla.com
            RHODES HIERONYMUS JONES TUCKER & GABLE
            P.O. Box 21100
            Tulsa, Oklahoma 74121-1100
            (918) 582-1173; fax: (918) 592-3390
            *Attorneys for Defendant & Third-Party*
            *Plaintiff, Trident Steel Corporation*

## CERTIFICATE OF SERVICE

I certify that on the 30th day of September, 2015, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

L. Vance Brown, OBA #10743
Eric Huddleston, OBA #21225
Elisabeth D. Brown, OBA #30503
Elias, Books, Brown & Nelson, PC
211 N. Robinson #1300
Two Leadership Square South
Oklahoma City, OK 73102

*Attorneys for Plaintiff*

Gary C. Crapster, OBA #22452
Steidley & Neal, PLLC
2448 E. 81st Street, 53rd Floor
Tulsa, Oklahoma  74137

Keith C. Cramer
Chris S. Norcross
Gordon & Rees, LLP
2100 Ross Ave., Suite 2800
Dallas, TX  75201

Douglas D. Fletcher
Kevin M. Curley
Jeffrey D. Smith
Fletcher Farley
9201 N. Central Expressway, 6th Fl.
Dallas, TX  75231

*Attorney for co-Defendant CMC CoMetals Steel, a Division of Commercial Metals Co.*

/s/ Theresa N. Hill
Theresa N. Hill