IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAYNE EXPLORATION CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-818-D |
| | ) | |
| TRIDENT STEEL CORP.; | ) | |
| COMMERCIAL METALS CO.; | ) | |
| and A-JU BESTEEL CO., LTD., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Defendant Trident Steel Corporation's Partial Motion to Dismiss [Doc. No. 14], filed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has filed a response, and the Motion is fully briefed.[1]

Plaintiff Payne Exploration Company brings suit under Oklahoma law and claims that Defendants Trident Steel Corporation ("Trident"), Commercial Metals Company ("CMC"), and A-Ju Besteel Company, Ltd. ("A-Ju") have caused damages to Plaintiff because of defective pipe casing "designed, manufactured, assembled, marketed, imported, sold, inspected, and transported by Defendants." *See* Compl. [Doc. No. 1], ¶ 7. Plaintiff alleges A-Ju "was directly involved in the design, manufacturing, assembly, marketing, sale, inspection and transportation of the Casing;" CMC "was involved in the importing of the Casing inspection and transportation of the Casing;" and Trident "was involved in the sale, marketing, inspection and transportation of the Casing" to Plaintiff. *Id*. Plaintiff asserts a

---

[1] Defendant filed a reply brief that was untimely under LCvR7.1(i) and, therefore, is disregarded.

number of claims against all Defendants, including products liability, breach of express warranty, breach of implied warranty of merchantability, and negligence. Plaintiff also asserts breach of contract and constructive fraud claims against Trident.

The subject of Plaintiff's claims is "oil and gas well Casing that Plaintiff installed in the Beecher #1-15H Well in Kingfisher County, Oklahoma." *Id.* ¶ 7. Plaintiff contracted with Trident to purchase the casing for the well, and Trident allegedly represented to Plaintiff that the casing met certain American Petroleum Institute ("API") specifications, which Plaintiff had requested. *Id.* ¶¶ 11, 15. Plaintiff alleges that the casing was defective, leading to a leak in the casing after Plaintiff's installation. The leak became evident during "the Stage 17 pump down" of a planned 27-stage fracking operation on the Beecher #1-15H Well, and allegedly caused monetary damages and an inability to complete stages 17 through 27. *Id.* ¶¶ 21, 24-25. Specifically, Plaintiff alleges that Trident's misrepresentations to Plaintiff regarding the quality of the casing sold by Trident resulted in significant injuries to Plaintiff.

Trident moves to dismiss certain claims, asserting that: 1) Plaintiff's negligence claim is barred by an Oklahoma common law rule prohibiting tort claims for a contemporaneous breach of contract; and 2) Plaintiff's constructive fraud claim is in reality a claim of non-conforming goods and therefore barred or, in the alternative, Plaintiff has failed to meet the heightened pleading standard for a fraud claim.

**Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

2

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

Allegations of fraud are governed by the heightened pleading requirements of Rule 9(b), which provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud, and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield*, 472 F.3d 702, 726-27 (10th Cir. 2006) (internal quotations omitted); *see Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006). To determine if factual allegations satisfy Rule 9(b), the Court reviews only the text of the complaint and does not consider matters outside the pleading. *See Sikkenga*, 472 F.3d at 726; *Tal*, 453 F.3d at 1263. The Court accepts "as true all well-pleaded facts, as distinguished from conclusory allegations, and view[s] those facts in the light most favorable to the non-moving party." *Sikkenga*, 472 F.3d at 726.

3

## Discussion

**A. Negligence Claim**

Plaintiff asserts in Count IV of the Complaint a negligence claim, alleging Defendants breached a duty owed to Plaintiff "[b]y placing defective, unsafe casing in the stream of commerce that was not as represented and was not fit for its particular use in the Well." *See* Compl. [Doc. No. 1], ¶ 46. Plaintiff claims Defendants' breach of this duty "proximately caused [Plaintiff's] damages." *Id.* ¶47.

Trident asserts in its Motion that Plaintiff's negligence claim "is barred by the common law rule that generally bars tort claims for a contemporaneous breach of contract." *See* Def.'s Mot. Dismiss [Doc. No. 14], p.3. However, Oklahoma law does not prevent a plaintiff from pleading an independent negligence claim in a products liability action. *See Honeywell v. GADA Builders, Inc.*, 271 P.3d 88, 96 (Okla. Civ. App. 2011) ("Even with the advent of strict products liability, the negligence cause of action remains available to a plaintiff injured by a defective product."). A tort may arise during the performance of a contract, where the contract serves as the foundation of the relationship between the parties and gives rise to the tort claim. *See Hall Jones Oil Corp. v. Claro*, 459 P.2d 858, 861 (Okla. 1969); *see also Angier v. Mathews Expl. Corp.*, 905 P.2d 826, 831 n.2 (Okla. Civ. App. 1995) ("Tort may be the basis for recovery even though it is the contract that created the relationship between the parties.").

To sufficiently plead a negligence claim under Oklahoma law, a plaintiff must establish (1) the existence of a duty owed by the defendant to the plaintiff, (2) a breach of the

duty by the defendant, and (3) an injury to the plaintiff caused by the breach of duty. *See Krokowsi v. Henderson Nat'l Corp.*, 917 P.2d 8, 11 (Okla. 1996). "[T]he existence of a duty depends on the relationship between the parties" and "[w]hether a defendant stands in such relationship to a plaintiff that the law will impose upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff is a question for the court." *Wofford v. E. State Hosp.*, 795 P.2d 516, 519 (Okla. 1990) (citing *Union Bank v. Griffin*, 771 P.2d 219 (Okla. 1989)); *see Woolard v. JLG Indus., Inc.*, 210 F.3d 1158, 1170 (10th Cir. 2000). Under some circumstances, the duty may arise from a contractual relationship between the parties. *See*, *e.g.*, *Hall Jones Oil*, 459 P.2d at 861.

Plaintiff argues in response to the Motion that its negligence claim is independent from its breach of contract claim, and is not a claim for tortious breach of contract as argued by Trident. *See* Pl.'s Resp. Br. [Doc. No. 17], pp.4-5. Plaintiff points to factual allegations of the Complaint to its negligence theory that "[b]y representing that the casing was of a certain quality, fitness, and safety, Defendants assumed a duty to enter into the stream of commerce casing that conformed to those representations" and that "Defendants breached their duty . . . [b]y placing defective, unsafe casing in the stream of commerce that was not as represented." *See* Compl. [Doc. No. 1], ¶¶ 45-46. However, this theory, which is aimed at Defendants collectively, fails to take into account Plaintiff's relationship with Trident.

Accepting the allegations of the Complaint as true, Plaintiff contracted with Trident to purchase API-certified casing that met certain specifications, but A-Ju manufactured the casing. *Id.* ¶ 11. Any promises by Trident, as seller, regarding the quality or fitness of the

5

casing might support claims for breach of contract and breach of express or implied warranties if Trident supplied nonconforming casing. *See*, *e.g.*, Okla. Stat. tit. 12A, § 2-313; *see also Crispin Co. v. Petrotub-S.A.*, No. CIV-05-159-C, 2006 WL 2812535, *10 (W.D. Okla. Sept. 28, 2006). However, a seller who is not the manufacturer of a product has a duty to exercise reasonable care in ascertaining its safety and true condition only when the seller has knowledge of potential defects in the product. *See Crispin*, 2006 WL 2812535 at *7 (quoting Restatement (Second) of Torts, § 401 (1965)). Further, "although a seller generally does not have a duty to inspect products, such a duty may arise if it knows or has reason to know that the product is or is likely to be dangerous." *Id.* (citing Restatement (Second) of Torts, § 402 (1965)).

Nowhere in the Complaint does Plaintiff allege that Trident had or should have had knowledge of potential defects in the casing sold to Plaintiff. Instead, Plaintiff asserts that Trident represented the casing met the API standards, without alleging any facts to suggest that Defendant knew or had reason to know such representations were untrue. Plaintiff appears to acknowledge in its brief an inability to plead sufficient facts to support a negligence claim. Plaintiff states an "expectation that discovery will reveal specific reasons why Trident breached that duty [to supply non-defective pipe] – either failure to investigate the quality of pipe from A-Ju Besteel, the manufacturer [or] failure to inspect and test the pipe . . . ." *See* Pl.'s Resp. Br. [Doc. No. 17], p.6. The Supreme Court expressly rejected in *Iqbal*, however, the argument that limited discovery should be available to flesh out a

potential claim. A plaintiff whose complaint is deficient "is not entitled to discovery." *Iqbal*, 556 U.S. at 686.

Because Plaintiff has failed to allege sufficient facts to establish a duty owed by Trident to Plaintiff, the Court finds that Plaintiff has not sufficiently pled its negligence claim. Therefore, Plaintiff's negligence claim must be dismissed.

**B.     Constructive Fraud Claim**

In Count VI of the Complaint, Plaintiff asserts a constructive fraud claim against Trident, alleging that "Trident negligently or innocently misrepresented to [Plaintiff] the quality and fitness of the Casing," that Plaintiff "was induced to purchase the Casing based on Trident's representations of quality and fitness," and that "Trident's misrepresentations proximately caused [Plaintiff's] damages and injuries." *See* Compl. [Doc. No. 1], ¶¶ 55-57.

Trident presents two alternative arguments for the dismissal of Plaintiff's constructive fraud claim. *See* Def.'s Mot. Dismiss [Doc. No. 14], pp.5-6. First, it asserts that this claim is legally barred, as it "is nothing more than a claim that Trident failed to provide non-conforming goods." *Id*. p.5. Second, Trident contends Plaintiff has inadequately pled its constructive fraud claim as required by Rule 9(b), and therefore the claim must be dismissed pursuant to Rule 12(b)(6).

Trident's first argument is without merit. Oklahoma law has recognized that a tort remedy may be available where a party has committed some kind of misfeasance, even though a contractual relationship exists. *See Smith v. Johnston*, 591 P.2d 1260, 1262-63 & n.1 (Okla. 1978) (discussing W. Prosser, Law of Torts, § 92 (4th ed. 1971); distinguishing

7

"nonfeasance" and "misfeasance"). The adequacy of Plaintiff's constructive fraud claim under Rule 9(b) presents a closer question.

Under Oklahoma law, constructive fraud is a "breach of either [a] legal or equitable duty" to disclose a material fact, which "does not necessarily involve any moral guilt, intent to deceive, or actual dishonesty of purpose." *Faulkenberry v. Kan. City S. Ry. Co.*, 602 P.2d 203, 206 (Okla. 1979); *see Howell v. Texaco Inc.*, 112 P.3d 1154, 1161 (Okla. 2004) ("Constructive fraud is the concealment of a material fact by one who has a duty to disclose."). To prevail on a claim of constructive fraud, a plaintiff is required to prove:

> (1) That the defendant owed plaintiff a duty of full disclosure. This duty could be part of a general fiduciary duty owed by the defendant to the plaintiff. *This duty could also arise, even though it might not exist in the first instance, once a defendant voluntarily chooses to speak to plaintiff about a particular subject matter*;
>
> (2) That the defendant misstated a fact or failed to disclose a fact to plaintiff;
>
> (3) That the defendant's misstatement or omission was material;
>
> (4) That plaintiff relied on defendant's material misstatement or omission; and
>
> (5) That plaintiff suffered damages as a result of defendant's material misstatement or omission.

*Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1180-81 (10th Cir. 2008) (emphasis in original) (applying Oklahoma law).

A claim of constructive fraud based on a nondisclosure of information requires the existence of a duty to disclose the information due to the "peculiar circumstances" of a particular case. *See Thrifty Rent-A-Car Sys., Inc. v. Brown Flight Rental One Corp.*, 24 F.3d 1190, 1195 (10th Cir. 1994); *see also Specialty Beverages*, 537 F.3d at 1181; *Silk v. Phillips*

8

*Petroleum Co.*, 760 P.2d 174, 179 (Okla. 1988); *Varn v. Maloney*, 516 P.2d 1328, 1332 (Okla. 1973). Although a claim of constructive fraud may be based on an innocent or negligent misrepresentation of material facts, a plaintiff must still identify a legal or equitable duty which has been breached by the defendant.[2] *See Silver v. Slusher*, 770 P.2d 878, n.11 (Okla. 1988). The Oklahoma Supreme Court has identified how such a duty may arise:

> A duty to speak may arise from partial disclosure, the speaker being under a duty to say nothing or to tell the whole truth. One conveying a false impression by the disclosure of some facts and the concealment of others is guilty of fraud, even though his statement is true as far as it goes, since such concealment is in effect a false representation that what is disclosed is the whole truth.

*Deardorf v. Rosenbusch*, 206 P.2d 996, 423 (Okla. 1949) (internal citation omitted).

Plaintiff has failed to allege facts that would show Trident had a duty to disclose to Plaintiff information relating to the allegedly defective casing. The Complaint does not identify any partial disclosure of facts by Trident from which a duty of full disclosure may have arisen. As discussed *supra*, the Complaint includes no facts relating to whether Trident had knowledge that the casing sold to Plaintiff was defective. Without such knowledge, it is implausible that Trident could have been concealing from Plaintiff facts related to the casing. Although Rule 9(b) allows facts regarding such knowledge to be alleged generally, rather than with particularity, Plaintiff has failed to meet this broader standard and instead makes only a conclusory allegation that it "had an underlying right to be correctly informed

---

[2] Plaintiff seems to rest its constructive fraud claim against Trident on the theory that a negligent or innocent misrepresentation of facts may give rise to a claim when a plaintiff has an underlying right to be informed of material facts. *See Faulkenberry*, 602 P.2d at 203 n.8. However, this principle does not relieve Plaintiff of its obligation to sufficiently plead facts creating a duty of disclosure.

of facts regarding the products it purchases." *See* Compl. [Doc. No. 1], ¶ 54. The Complaint is devoid of any facts that suggest Trident owed a duty of disclosure to Plaintiff, especially absent any facts to establish that Trident had an affirmative duty to inspect the quality of the casing. Accordingly, Plaintiff has failed to meet the heightened pleading standard required for a constructive fraud claim under Rule 9(b).

**Conclusion**

For these reasons, the Court finds that Trident is entitled to dismissal of Plaintiff's negligence and constructive fraud claims for failure to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that Defendant Trident's Partial Motion to Dismiss [Doc. No. 14] is GRANTED as to Counts IV and VI of Plaintiff's Complaint. The dismissal is without prejudice to a motion to amend, filed by the deadline set by the Scheduling Order.

IT IS SO ORDERED this  14th  day of April, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE